UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARK WILLIAM LANE,

      Plaintiff,

   v.

THE DEPARTMENT OF JUSTICE and
FEDERAL BUREAU OF INVESTIGATION,
NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION, NATIONAL SECURITY
AGENCY and CENTRAL INTELLIGENCE
AGENCY, THE UNITED STATES ARMY, THE
OFFICE OF PROFESSIONAL DISCIPLINE, and
THE OFFICE OF THE PRESIDENT OF THE
UNITED STATES,
      Defendants.
-------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

02-CV-6555 (SLT)(VVP)

POHORELSKY, Magistrate Judge:

   Judge Townes has referred to me for a Report and Recommendation, pursuant to Title 28

U.S.C. § 636(b)(1), the defendants' motion to dismiss the plaintiff's complaint which asserts

claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5

U.S.C. § 552a.  For the reasons discussed below, the undersigned recommends that the motion

be GRANTED.

## BACKGROUND

**A.**  <u>Previous Action Before Judge Block and Magistrate Judge Go</u>

   The following facts are presented in the light most favorable to the plaintiff.  The instant

case (hereinafter "*Lane II*") is essentially a repleader of a case previously before Judge Frederic

Block and Magistrate Judge Go.   *See Lane v. Federal Bureau of Investigation*, 96 CV 2649

(hereinafter "*Lane I*").   The facts in *Lane I* are briefly recounted here.

In December 1993, believing that he was the subject of an investigation by the Federal Bureau of Investigation, the plaintiff Mark Lane began requesting that the FBI disclose any documents in its possession pertaining to him pursuant to FOIA and the Privacy Act. *Lane I* Compl. ¶ 7 (annexed as Exhibit D to the complaint in *Lane II*).[1] Dissatisfied with the response he received, the plaintiff brought an action against the FBI in May 1996, alleging that it had improperly withheld information and further alleging that the FBI's wrongful conduct "deprive[d] [him] of peace of mind and mental well-being." *Id.* ¶ 16. In his complaint, the plaintiff requested that the court order the FBI to provide him with all of the documents he had requested, including "previously withheld and edited documents." *Id.*, Prayer for Relief ¶ 1-2. Alternatively, the plaintiff requested that his counsel be permitted to examine these documents *in camera. Id.*

During a conference held in March 1997, the parties agreed to resolve their dispute by allowing Judge Go to review documents that the FBI had identified pursuant to the plaintiff's FOIA/Privacy Act requests. *See* Judge Go's 1999 Report of Inspection and Order ("M.J. Go Report") at 2-3 (annexed as Exhibit F to the complaint in *Lane II*); *see* 5 U.S.C. § 552(a)(4)(B) (permitting *in camera* review). The FBI subsequently provided two redweld folders containing approximately 800 pages of documents for Judge Go to review *in camera*. The FBI also described two groups of documents which it did not provide to Judge Go. First, a group of five documents – identified as Document numbers 160644-132, 100-160644-2070, 100-161993-10516, 100-156924-1A3, and 89-75-Sub A – were not disclosed due to unavailability. In addition, nine

---

[1] The entire complaint in the instant action, including annexed Exhibits, is attached as Exhibit 1 to the defendants' letter to the court dated August 26, 2003.

pages of documents from one file (identified as File 14-413) were not disclosed because these pages had previously been deemed to be obscene and, thus, were stored outside of the immediate possession of the FBI. M.J. Go Report at 8-12.

After reviewing the documents provided by the FBI, Judge Go found that (1) the documents did not contain any information pertaining to the plaintiff; (2) the majority of the documents contained information pertaining to investigations that involved another individual named "Mark Lane" whose Social Security number did not match the plaintiff's; and, (3) many of the documents concerned activities of the other "Mark Lane" during time periods when the plaintiff would have been a child. *Id.* at 6-7.

As for the first group of five documents not disclosed by the FBI, Judge Go found that three of the documents (Document numbers: 100-160644, 100-160644-2070, and 100-161993-10516) were not only unavailable because they could not be located, but also belonged to files that "clearly concern[ed]" a person other than the plaintiff. *Id.* Of the remaining two documents in that group, Judge Go found that one, Document number 100-156924-1A3, was unavailable because a court had ordered that it be sealed until 2025 pursuant to an order of settlement. *Id.* Finally, Judge Go found that the last of the five undisclosed documents, Document 89-75-Sub A, had been sent to the National Archives in College Park, Maryland in July 1994, and was therefore unavailable because it was no longer in the possession of the FBI. *Id.* at 9-12. Judge Go therefore concluded that the five documents had not been improperly withheld. *Id.* at 13.

As for the nine additional pages of documents in undisclosed File 14-413 which had been labeled obscene, Judge Go found that these documents concerned activities that occurred prior

to 1960, when the plaintiff was a child, and "most likely [did] not refer to the plaintiff." *Id.* at 9. Thus, Judge Go concluded that "there is little reason for the plaintiff to continue this case, unless there are legal issues which the plaintiff feels should be addressed through a summary judgment motion." *Id.* at 15. The plaintiff was given thirty days in which he could object. *Id.* When he failed to do so, Judge Go's Report of Inspection and Order was adopted in 1999 by Judge Block.

**B.**     **The Plaintiff's Complaint and the Matter Before this Court**

In September 2002, the plaintiff filed the instant action (hereinafter *Lane II*) against the FBI urging review of Judge Go's decision in *Lane I*. In addition to the FBI, the plaintiff brings the instant action against the Department of Justice ("DOJ"), the National Archives and Records Administration ("NARA"), the National Security Agency ("NSA"),[2] the Central Intelligence Agency ("CIA"), the United States Army ("U.S. Army"), the Office of Professional Discipline, and the Office of the President of the United States ("Office of the President") (hereinafter "the defendants"). *Lane II* Complaint.

In the complaint in *Lane II*, the plaintiff requests that the court revisit the issue of the undisclosed documents that Judge Go previously concluded were properly withheld from the plaintiff, and that the court order that these documents be made available to the plaintiff or, in the alternative, that the court review the documents *in camera* to determine whether the FBI properly withheld these documents. *Lane II* Complaint ¶¶ 12-20, 22(1)-(3). The plaintiff further contends that continued denial by the defendants to permit *in camera* inspection of these documents has inflicted "much undue stress and mental anguish" on him, and that he believes

---

[2]     The NSA is no longer a defendant in this case pursuant to a stipulation between the parties in which the plaintiff agreed to drop the suit against the NSA for procedural reasons.

that "the fact that these documents have not been produced for examination is proof of a wide-reaching conspiracy against him." *Id.* ¶ 20. Although the plaintiff's complaint in the instant action originally requested that he be compensated by money damages in the amount of $100,000,000, *id.* ¶ 22(3), the plaintiff subsequently agreed to dismiss his request for damages and instead seeks only *in camera* review of the previously undisclosed documents. November 2003 Stipulation and Order.

It is unclear exactly which documents the plaintiff wishes to obtain from the FBI for *in camera* review. The complaint specifically refers to the document that was sealed by court order through the year 2025, *Lane II* Compl. ¶ 15, and the document that had been forwarded to the National Archives, *id.* ¶ 16. It also refers to "nine (9) pages . . . not provided to the Magistrate because they were deemed 'obscene' by the FBI," *id.* ¶ 13, but then later confusingly refers to "twelve pages that had been withheld under Title 5 United States Code, Section 552 and Section 552a." *Id.* ¶ 17.[3] In a subsequent letter, the plaintiff's counsel raises yet further confusion by referring to only five documents. Letter of Peter J. Mollo, Sep. 17, 2003 at 2 ("The main concern of the plaintiff is that the five (5) documents withheld from *in camera* examination either be provided to the plaintiff directly or to the Court for judicial review."). It is nevertheless clear that reading the complaint as a whole that, as to documents the plaintiff seeks from the FBI, all were covered in the report previously issued by Judge Go.

---

[3] Because Judge Go states that the obscene material consisted of nine pages, *see* M.J. Go Report at 9, the court accepts that the number of pages deemed to be obscene and thus withheld was nine, not twelve.

As to the remaining defendants, the plaintiff also requests that the court order that they produce documents pursuant to the FOIA and Privacy Act requests he allegedly submitted to those agencies.

The defendants have filed a motion to dismiss the plaintiff's complaint under Rule 12(b)(1), for lack of subject matter jurisdiction, and under Rule 12(b)(6), for failure to state a claim upon which relief may be granted. Alternatively, the defendants move for summary judgment pursuant to Rule 56(c). See Defendants' Notice of Motion.

## DISCUSSION

### A. <u>Motions to Dismiss Standards</u>

The following fundamental principles guide the court's analysis of the plaintiff's arguments concerning the motions to dismiss. Whether examining subject matter jurisdiction on a motion to dismiss under Rule 12(b)(1), or the sufficiency of the pleadings under Rule 12(b)(6), the court is required, at least initially, to accept as true all material factual allegations in the complaint. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *Thomas v. City of New York*, 143 F.3d 31, 37 (2d Cir. 1998). On Rule 12(b)(6) motions, the court is further required to draw all reasonable inferences in favor of the plaintiff, *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699-700 (2d Cir. 1994), and may dismiss a claim only if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines*, 404 U.S. at 519-20 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a Rule 12(b)(1) motion, however, because subject matter jurisdiction must be shown affirmatively, a court is not required to draw all reasonable inferences favorable to the party asserting jurisdiction. *See Shipping Fin. Servs. Corp.*, 140 F.3d at 131. Moreover, if properly

controverted, the plaintiff's factual allegations concerning subject matter jurisdiction do not have to be accepted as true. *Fisher v. F.B.I.*, 94 F. Supp. 2d 213, 215-216 (D. Conn. 2000) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993)). Indeed, when considering a Rule 12(b)(1) motion, a court is not restricted to the pleadings, but may consider affidavits and other materials to resolve the jurisdictional question. *See., e.g., Antares Aircraft L.P. v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds by*, 5050 U.S. 1215 (1992); *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir. 1976).

When a motion to dismiss is made pursuant to both Rule 12(b)(1) and Rule 12(b)(6), or when a motion for summary judgment made pursuant to Rule 56(c) accompanies a motion to dismiss made pursuant to Rule 12(b)(1), "the court should consider the Rule 12(b)(1) challenge first [because] if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Insurance Guaranty Assn.*, 896 F.2d 674, 678 (2d Cir. 1990) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1350, p. 548 (1969)).

**B.**     **Freedom of Information Act and Privacy Act**

The Freedom of Information Act offers citizens access to records held by federal agencies. "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) (citing 1974 Source Book 38). Among other things, the Act prescribes the types of documents and information that are subject to disclosure, requires agencies to state procedures for obtaining

documents and information, and exempts certain materials from disclosure. *See* 5 U.S.C. § 552.

If proper requests for documents are denied, FOIA also provides for civil actions to obtain

appropriate relief including injunctions. *Id.* § 552(a)(4)(B).

Before filing an action in federal court, however, a plaintiff must exhaust available

administrative procedures. Initially, under 5 U.S.C. § 552(a), a party seeking disclosure of

material that is not already available to the public must request that information from the

agency. Specifically, FOIA requires that an individual seeking personal records (1) reasonably

describe the records sought, and (2) comply with any published rules regarding procedures or

logistics. *See Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); *see also* 5 U.S.C. §

552(a)(4)(B). If any requested information is denied, the denial must then be appealed to the

head of the agency. *Ruotolo v. Department of Justice, Tax Div.*, 53 F.3d 4, 8 (2d Cir. 1995); *see also*

*Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); 5 U.S.C. §§

552(a)(6)(A)(i), (ii). A failure to exhaust administrative remedies provided by the FOIA statute

denies a federal district court subject matter jurisdiction over any claim regarding that request.

*E.g., Thomas v. Office of the United States Att'y*, 171 F.R.D. 53, 55 (E.D.N.Y. 1997); *Sloman v.*

*United States Dep't of Justice*, 832 F. Supp. 63, 66-67 (S.D.N.Y. 1993) (Mukasey, J.); *accord Hogan*

*v. Huff*, 00 Civ. 6753 (VM), 2002 WL 1359722, at *4 (S.D.N.Y. June 21, 2002); *see* 5 U.S.C. §

552(a)(6)(A)(i), (4)(B). "Requiring litigants to exhaust their administrative remedies insures

that there is no premature interruption of the administrative process and that the administrative

agency involved has an opportunity to correct its own errors." *Sloman*, 832 F. Supp. at 65-66

(citing *McKart v. United States*, 395 U.S. 185, 193-94 (1969); *McLaughlin v. NASD*, 733 F. Supp.

694, 696 (S.D.N.Y. 1990)).

The Privacy Act provides individuals with a means of access to government records similar to that of the FOIA. 5 U.S.C. § 552a (2000). Like the FOIA, the Privacy Act also requires that the records be from a government "agency." *Id.* "[I]n order to protect the privacy of individuals identified in information systems maintained by federal agencies, it is necessary . . . to regulate the collection, maintenance, use, and dissemination of information by such agencies." *Doe v. Chao*, 540 U.S. 614, 618 (2004) (quoting Privacy Act of 1974, §§ 2(a)(5), 88 Stat 1896). While the FOIA permits "any person" to seek access to any "agency record," *see* 5 U.S.C. § 552, the Privacy Act permits only "an individual" to seek access to only his or her own record, and only if that record is maintained by that agency within a "system of records." *See* 5 U.S.C. § 552a(d)(1). Thus, while FOIA allows broad access to the information that is covered by that Act, the Privacy Act requires government agencies to disclose information only pertaining to the individual who requests it. *Id.*

Like the FOIA, the Privacy Act also requires a requester to exhaust his or her administrative remedies prior to commencing suit in federal court. *Hogan*, 2002 WL 1359722, at *4 (FOIA and Privacy Act) (citing *Tota v. U.S.*, No. 99-CV-0445E (SC), 2000 WL 1160477, at *1 (W.D.N.Y. July 31, 2000)) (in turn citing *Sloman*, 832 F. Supp. at 66)). As a result, where a plaintiff fails to exhaust his or her administrative remedies regarding either a FOIA request or a Privacy Act request and files suit in federal court, the district court lacks subject matter jurisdiction over any such claims. *Hogan*, 2002 WL 1359722, at *4; *Tota*, 2000 WL 1160477, at *1.

**C.** **The Motions to Dismiss**

      1.     <u>FBI</u>

The principle of *res judicata* bars the plaintiff's request for *in camera* review of documents that were not produced by the FBI for Judge Go's inspection in 1999. *Res judicata* prohibits a plaintiff from re-litigating the same or similar claims in a subsequent action if the first action operated as an adjudication upon the merits. *Criales v. American Airlines, Inc.*, 105 F.3d 93, 95 (2d Cir. 1997). "[A] valid final adjudication of a claim precludes a second action on that claim or any part of it." *Baker v. General Motors Corp.*, 522 U.S. 222, 233 (1998); *see also Rivet v. Regions Bank*, 522 U.S. 470, 476 (1998); *Parklane Hosiery co. v. Shore*, 439 U.S. 322, 326 (1979). The Supreme Court has stated that a prior judgment is generally *res judicata* not only as to the matters litigated and decided by a court, but also as to all relevant issues which could have been but were not raised and litigated in the suit. *Richards v. Jefferson County*, 517 U.S. 793, 796 (1996) (citing *Heiser v. Woodruff*, 327 U.S. 726, 735 (1946)). To prove the affirmative defense of *res judicata*, a party must show that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and, (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000); *see also Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1363 (Fed. Cir. 2000).

The defendant FBI has satisfied its burden of establishing the three elements of the *res judicata* defense. First, there is identity of the parties, namely, Lane and the FBI. Second, there has been an earlier judgment on the merits of the claim (*i.e.*, Judge Go's findings based on a review of the documents produced by the FBI and her conclusions about the documents that were not presented followed by Judge Block's adoption of those findings after the plaintiff had an opportunity to object). Third, the plaintiff's claim in the instant action is based on the same set

of transactional facts as his claim in the first action, to wit, that the FBI should produce FOIA-requested documents relating to the plaintiff. Simply put, the plaintiff's claim against the FBI has already been adjudicated, and the plaintiff failed to take the necessary action to contest that decision. The plaintiff's claim against the FBI in this action therefore should be dismissed.

### 2. The Remaining Defendants

Likewise, the plaintiff's claims against the remaining defendants, the Office of the President of the United States, the DOJ, the NARA, the CIA, the U.S. Army, and the Office of Professional Discipline should be dismissed because the plaintiff either fails to state a claim upon which relief may be granted, or fails to establish subject matter jurisdiction for his claims.

As the absence of subject matter jurisdiction is the principal basis for dismissal as to the claims against four out of the six remaining defendants,[4] a brief review of some analytical considerations that inform the court's decision is appropriate. In a FOIA or Privacy Act case, "[o]n a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction bears the burden of alleging a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations." *Fisher v. FBI*, 94 F. Supp. 2d 213, 216 (D. Conn. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (internal quotations omitted)). Here, although the plaintiff makes a conclusory allegation that he made FOIA requests to the above agencies on November 11, 1999, *Lane II* Complaint ¶ 21, he does not allege that proper request procedures

---

[4]     As set forth below, the claims against the DOJ, the NARA, the CIA and the U.S. Army shold be dismissed for lack of subject matter jurisdiction. The claims against the two other remaining defendants, the Office of the President and the Office of Professional Discipline, should be dismissed for failure to state a claim for relief.

were followed, *see Dale*, 238 F. Supp. 2d at 103 (requiring that an individual seeking personal

records reasonably describe the records sought and comply with any published rules regarding

procedures or logistics), and indeed provides no information whatsoever about how or where the

requests were made. Thus, the plaintiff's assertion that he made valid FOIA requests is but a

conclusory statement that is insufficient to defeat a motion to dismiss. *See Zappia*, 215 F.3d at

253; *First Nationwide Bank*, 27 F.3d at 772.

Moreover, the court need not accept the plaintiff's allegation as true because it has been

controverted by evidence submitted by the defendant. *See e.g., Cedars-Sinai Med. Ctr.,* 11 F.3d at

1583; *Fisher v. F.B.I.,* 94 F. Supp. 2d at 215-216. Here, as more fully described below, the

affidavits of representatives of four out of the six remaining defendants "properly challenge" the

plaintiff's asserted basis for subject matter jurisdiction by showing that he either failed to make

proper requests or otherwise failed to exhaust his administrative remedies, and the plaintiff has

offered no proof to contest the affidavits. Thus, the plaintiff fails to affirmatively establish subject

matter jurisdiction as to his claims against those agencies.

    i.    <u>DOJ</u>

As to the DOJ, the plaintiff's claim should be dismissed because his request to the

DOJ did not meet appropriate agency requirements and he did not exhaust his administrative

remedies to appeal the denial of the request. The defendants have submitted an affidavit from

an attorney in the DOJ's Office of Enforcement Operations in charge of FOIA requests, who

certifies that the plaintiff's FOIA and Privacy Act forms do not reflect that he has ever been

prosecuted or even arrested for federal criminal activity.[5] Declaration of Joseph S. Beck ("Beck Decl.") ¶ 14. Such specificity is required in order for the DOJ to find a record pertaining to a federal criminal offense. *Id.* The plaintiff never appealed the denial of his records request. *Id.* Because the plaintiff's request was insufficient and because he failed to exhaust his administrative remedies, the plaintiff's claim against the DOJ should fail.

       *ii.*    <u>NARA</u>

The plaintiff's claim against the NARA fails because the plaintiff failed to submit a FOIA request. Although the plaintiff states that he made FOIA requests to the NARA on November 11, 1999, *Lane II* Complaint ¶ 21, the defendants have submitted an affidavit from a FOIA record keeper at the NARA affirming that the NARA has received no FOIA requests from the plaintiff or his counsel as of August 15, 2003. *See* Affidavit of Steven D. Tilley ("Tilley Aff.") ¶ 5. A letter submitted by the plaintiff from an archivist at the NARA merely confirms that the plaintiff submitted a request for more information on proper FOIA procedures on July 19, 2001, which was assigned a tracking number NGC01-195. Letter of August 1, 2001 from NARA ("NARA Letter"), *annexed to* Declaration of Margaret Shoenborn ("Shoenborn Decl") as Def. Exh. C; NARA Letter *also annexed to* Reply Affirmation of Peter J. Mollo ("Mollo Reply Aff.") as Ex. C. The plaintiff provides no evidence to confirm that he ever made an actual FOIA or

---

[5]     Although the plaintiff provides the court with a copy of his FOIA request to the DOJ, which states that he was "arrest[ed for] drug trafficking (cocaine)" in Brooklyn, New York in approximately 1991, *see* Reply Affirmation of Peter Mollo ("Mollo Reply Aff."), Ex. A, the plaintiff did not indicate on the request that this offense was a federal one for which the DOJ would have a record. (As a federal agency, the DOJ does not keep records of state crimes; rather, it keeps records of federal crimes.) *See* Beck Decl. Likewise, the document provided by the plaintiff verifying that he was sentenced by the Suffolk County Supreme Court to a term of six months in Suffolk County jail for attempted grand larceny, *see* Mollo Reply Aff. Ex. B, is entirely a state matter and therefore of no relevance to a federal criminal records request from the DOJ.

Privacy Act request to the NARA. Because the plaintiff does not show that he even took the first step in the administrative process, the plaintiff fails to affirmatively establish that the court has subject matter jurisdiction over this claim.

   *iii.*  <u>CIA</u>

   As to the CIA, the plaintiff's claim should be dismissed because he did not properly make a FOIA or Privacy Act request to the CIA and did not exhaust his administrative remedies. The defendants have submitted an affidavit from the Information and Privacy Coordinator for the CIA, who affirms that she received a deficient Privacy Act request on July 13, 1999 from the plaintiff which could not be processed because it was missing the plaintiff's place of birth. Declaration of Kathryn I. Dyer ¶¶ 4, 6. According to Dyer, when the plaintiff failed to respond to the agency's request that he provide this information, they closed his file. *Id.* ¶ 7. As to the plaintiff's FOIA request concerning Karen F. Kearn, or Karen F. Kearns, the agency conducted a search and found no responsive records pertaining to Ms. Kearns, *id.* ¶ 14; CIA Letter to Plaintiff of Sept. 28, 1999, and the plaintiff failed to appeal this finding to higher authorities. *Id.* ¶ 15. Because the evidence outside the pleadings indicates that the plaintiff failed to exhaust his administrative remedies, the plaintiff's complaint against the defendant CIA should be dismissed for lack of subject matter jurisdiction.

   *iv.*  <u>U.S. Army</u>

   As to the U.S. Army, the plaintiff's claim should be dismissed because the plaintiff made a deficient FOIA and Privacy Act request and never followed through in the administrative process. The defendants have submitted an affidavit from Lieutenant Colonel Gregory B. Coe, the individual in charge of FOIA and Privacy Act records for the U.S. Army, who affirms that he

received a request from the plaintiff for records pertaining to him and Karen Kearns on July 13, 1999. Declaration of Lieutenant Colonel Gregory B. Coe ¶ 5. By letter incorrectly dated February 19, 1999, the Army responded to the plaintiff's July 13, 1999 letter, directing the plaintiff to produce information establishing his and Ms. Kearns' affiliation with the Army. *Id.* According to Lt. Col. Cole, the plaintiff never provided such information. *Id.* ¶ 6. Although the plaintiff's counsel contends that he never received the Army's responsive letter, that assertion alone does not suffice to provide subject matter jurisdiction because the plaintiff has not established that he met the prerequisites for a proper request for information under 32 C.F.R. § 505.2. The plaintiff's failure to do so prevents this court from exercising subject matter jurisdiction over his claim.[6]

> ### v.    *Office of the President*

The Office of the President of the United States is not an agency subject to requests under the FOIA. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 156, 100 S. Ct. 960, 971 (1980). "The Conference Report for the 1974 FOIA Amendments indicates that 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President' are not included within the term 'agency' under the FOIA." *Id.* (citing H.R. Conf. Rep. No. 93-1380, p. 15 (1974), reprinted in Sourcebook II, p. 232). Thus, the plaintiff's claim against the Office of the President should be dismissed for failure to state a claim upon which relief may be granted.

> ### vi.    *Office of Professional Discipline*

---

[6]    Plaintiff's counsel also asserts that "[s]ubsequent requests made directly by the Plaintiff [to the Army] were not answered." Mollo Reply Aff. ¶ 2. This assertion is unsupported by any documentation, and is insufficient in any event because counsel has no personal knowledge of the facts asserted.

The plaintiff's claim against the Office of Professional Discipline fails because this office does not exist as a federal agency and, thus, the plaintiff fails to state a claim upon which relief may be granted. To the extent that the plaintiff meant to bring this claim against the Office of Professional Responsibility, which is a division of the DOJ, the plaintiff's claim against a subsidiary office of the DOJ should fail for the same reasons as the plaintiff's claim against the DOJ, *viz.*, the court lacks subject matter jurisdiction over the claim because the evidence outside the pleadings indicates that the plaintiff failed to make proper FOIA requests to the DOJ. Likewise, although the Army apparently accepted service of the summons and complaint on behalf of the Office of Professional Discipline, it has no such office. Thus, the plaintiff's claim against the Office of Professional Discipline should be dismissed.

Because the plaintiff has either failed to state a claim upon which relief can be granted or failed to affirmatively establish that the court has subject matter jurisdiction over his FOIA and Privacy Act claims against the defendants the DOJ, the NARA, the CIA, the U.S. Army, the Office of the President, and the Office of Professional Discipline or Responsibility, his claims should be dismissed.

**D.    The Motion for Summary Judgment**

Even if it were not proper to dismiss the plaintiff's claims against the DOJ, the CIA, the U.S. Army, and the NARA under Rule 12(b)(1), the plaintiff's claims against those agencies are appropriately resolved on summary judgment because, on the basis of the undisputed facts, no properly requested documents have been withheld by any of them.

A motion for summary judgment will be granted when there is no material issue of fact to be decided and the undisputed facts warrant judgment for the moving party as a matter of law.

*See* Fed. R. Civ. P. 56(c); *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 456 (1992); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Institute for Shipboard Educ. v. Cigna Worldwide Inc. Co.*, 22 F.3d 414, 418 (2d Cir. 1994). If a reasonable jury could return a verdict for the non-movant, then a material issue of fact remains in contention and the motion must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The materiality of the facts is determined by the substantive law governing the claims. *Id.*

The burden of proving that no material issue of fact remains in dispute rests on the movant. *Celotex*, 477 U.S. at 322. Once a motion has been made, however, the non-moving party must set forth specific factual allegations to avoid summary judgment. *Kurisoo v. Providence and Worcester R.R. Co.*, 68 F.3d 591, 594 (2d Cir.1995); *Fahle v. Braslow*, 913 F. Supp. 145, 149 (E.D.N.Y. 1996), *aff'd*, 111 F.3d 123 (2d Cir. 1997) (citations omitted). Conclusory, *ipse dixit* assertions will not defeat a summary judgment motion. *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990). Although the non-moving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment, Rule 56(c) and (e) provide that the non-moving party cannot rest on the pleadings but must set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions on file showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *United States v. Rem*, 38 F.3d 634, 643 (2d Cir. 1994). Any ambiguities and all inferences must be drawn in favor of the non-movant. *Cigna Worldwide*, 22 F.3d at 418; *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir. 1990).

In support of their motion for summary judgment under the FOIA and the Privacy Act, defendant agencies may submit affidavits from records administrators certifying that they have

conducted searches for requested documents; however, those affidavits must be reasonably detailed and must not be conclusory. *Hogan*, 2002 WL 1359722, at *4 (citing *Carney v. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)). Affidavits submitted by defendant agencies are accorded a presumption of good faith, *id.* at *4 (citing *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)), and, if adequate on their face, will serve to support a motion for summary judgment unless a plaintiff-requester provides evidence of bad faith. *Id.*

To survive summary judgment on claim alleging a violation of the FOIA, a plaintiff must provide evidence that an agency has (1) "improperly" (2) "withheld" (3) "agency records." *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. at 150. Two requirements must be satisfied for requested documents to qualify as "agency records," and thus be subject to a request under FOIA: (1) an agency must either "create or obtain" the requested materials, and (2) the agency must be in control of the document at the time the FOIA request is made. *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 479 (2d Cir. 1999) (citing *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989); *Reporters Comm. for Freedom of Press*, 445 U.S. at 137-38 (in order for an agency to produce a particular document that is sought by a FOIA requester, it must have possession or control of that document)). The fact that an agency has failed to produce a particular document in the course of its search does not render the search inadequate. *Grand Cent. P'ship, Inc.*, 166 F.3d at 489; *see also Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995); *Maynard v. CIA*, 986 F.2d 547, 564 (1st Cir. 1993). An agency's search need not be perfect, but rather need only be reasonable. *Grand Cent. P'ship, Inc.*, 166 F.3d at 489; *see also Steinberg v. United States DOJ*, 23 F.3d 548, 551 (D.C. Cir. 1994). Speculation

that not yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them. *Sheridan v. Dep't of the Navy,* 2001 WL 498117 (citing *Safecard Servs., Inc.,* 926 F.2d at 1201).

To survive summary judgment on claim alleging a violation of the Privacy Act, a plaintiff must provide evidence that (1) that a request for records was made; (2) that the request was denied; and (3) that such denial or failure to act was improper under the Privacy Act. 5 U.S.C. §§ 552a(d)(1), (g)(1)(B), (g)(3)(A). Under both the FOIA and the Privacy Act, if a person does not make a valid request, the agency cannot be said to have "withheld" documents. *See Thomas v. Office of the U.S. Atty for the Eastern Dist. of New York,* 928 F. Supp. at 248, n. 5 (citing *Reporters Comm. for Freedom of Press,* 445 U.S. at 150). To "withhold" documents is to refuse to give documents within the agency's control to the requestor or to deny a valid request. *See U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 149-50. Where documents do not exist, there can be no "withholding." *See* 5 U.S.C. 552(a)(3) (requests can be made only for "identifiable records"); *see also Nolen v. Rumsfeld,* 535 F.2d 890, 891 (5th Cir. 1976) ("The Act compels only disclosure of existing records."), *cert. denied,* 429 U.S. 1104, *reh'g denied,* 431 U.S. 909 (1977); *Exxon Corp. v. F.T.C.,* 384 F. Supp. 755, 760 (D.D.C. 1974), *remanded by,* 527 F.2d 1386 (D.C. Cir. 1976) (table).

Here, summary judgment should be granted in favor of the DOJ because the defendants provide a detailed and non-conclusory affidavit that indicates there is no genuine factual dispute as to the DOJ. DOJ records analyst Joseph S. Beck affirms that he conducted a search and found no records pertaining to the plaintiff except for the plaintiff's FOIA request and the DOJ's response. Beck Decl. ¶ 13. Beck certifies that the absence of any DOJ records relating to the

plaintiff is not surprising because his request form does not indicate that he was ever arrested or even prosecuted for federal criminal activity. *Id.* ¶ 14. Although the plaintiff submits his FOIA request to the DOJ in an attempt to contradict Beck's statement, the text of the plaintiff's request supports Beck's assertion that the plaintiff was never prosecuted for a federal crime. Mollo Reply Aff. The plaintiff merely indicates that he was arrested in Brooklyn, New York for drug trafficking/cocaine, but does not indicate whether he was ever prosecuted for this crime or whether it was even handled by federal authorities. *Id.* Thus, the plaintiff fails to establish a genuine issue of fact that any DOJ documents concerning federal crimes exist. Likewise, although the plaintiff submits his sentencing record from Suffolk County Supreme Court for pleading guilty to grand larceny, Mollo Reply Aff., the plaintiff's state-court conviction and sentence does not establish a genuine issue of fact that any DOJ documents concerning federal crimes exist. Thus, summary judgment is appropriate as to the DOJ.

Likewise, summary judgment should be granted in favor of the CIA because it submits uncontested evidence that the documents in question do not exist. In response to the instant action, CIA record keeper Katherine I. Dyer conducted a search on June 23, 2003 and again on July 1, 2003 and found no CIA records pertaining to the plaintiff or Karen Kearn or Karen Kearns. Dyer Decl. The plaintiff submits nothing in response to create a genuine factual issue that these records exist (such as proof of the plaintiff's employment as a diplomat or the like). Thus, summary judgment is appropriate as to the CIA.

In addition, summary judgment should be granted in favor of the U.S. Army because it provides uncontested evidence that the documents in question do not exist. U.S. Army FOIA and Privacy Act records analyst Lt. Col. Coe certifies that he conducted a search of Army

records and found no records pertaining to the plaintiff. Coe Decl. ¶ 7. The plaintiff provides no evidence to the contrary and provides no proof that he was ever affiliated with the Army in any way. Thus, summary judgment is appropriate as to the U.S. Army.

Finally, summary judgment should be granted as to the NARA because the plaintiff never made a records request to the NARA and, thus, fails to present a genuine factual issue for a jury that any documents have been improperly withheld. The plaintiff's argument that he submitted a records request to the NARA in July 2001 that went unanswered is not supported by the evidence in the record. *See* Mollo Reply Aff. Although the plaintiff offers a letter from the NARA written August 2001 that purports to confirm receipt of the plaintiff's records request to the NARA in July 2001 that was assigned a tracking number, a closer look at the NARA's letter reveals that it merely confirms receipt of plaintiff's counsel's request for information as to *how to file* a proper request with the NARA. NARA Letter, Shoenborn Decl., Def. Exh. C; Mollo Reply Aff. Plaintiff's counsel's request for the proper procedures, rather than an actual records request, was assigned the tracking number. NARA Letter. In fact, a declaration by an NARA record keeper affirms that, as of 2003, the plaintiff never submitted a records request to the NARA. Tilley Aff. ¶ 5. Thus, summary judgment is appropriate as to the NARA.

In sum, the plaintiff provides no evidence from which a reasonable juror could find that any documents were improperly withheld by or even exist with the DOJ, the CIA, the U.S. Army, or the NARA. Therefore, summary judgment should be granted in favor of these defendants.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the plaintiff's complaint should be GRANTED as to all of the defendants. Specifically, as to the FBI, the Office of the President, and the Office of Professional Discipline, the defendants' motion to dismiss should be GRANTED under Rule 12(b)(6) for failure to state a claim for relief. As to the DOJ, the NARA, the CIA, and the U.S. Army the defendants' motion to dismiss should be GRANTED under Rule 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, if a claim against any of those agencies is not dismissed for want of subject matter jurisdiction, the defendants' motion for summary judgment on the claim should be GRANTED under Rule 56(c).

\*       \*       \*       \*       \*       \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:        Brooklyn, New York
              April 7, 2006